# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RACHEL JOHNSON, on behalf of herself and all others similarly situated, | ) ) ) | CASE NO. 5:19-cv-2622 |
| Plaintiff, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) ) | **JOINT MOTION FOR FINAL APPROVAL OF FLSA AND CLASS ACTION SETTLEMENT** |
| CENTOR, INC. | ) ) | |
| Defendant. | ) | |

Representative Plaintiff Rachel Johnson ("Representative Plaintiff"), on behalf of herself and the members of proposed settlement Class ("Class Members"), and Defendant Centor, Inc. ("Defendant") respectfully request that this Court granting final approval of the settlement reached in this case pursuant to 29 U.S.C. § 216 and Fed. R. Civ. P. 23(e).

Notice of the proposed settlement in this case has been sent to the class and this settlement is ripe for final approval. Therefore, the Parties respectfully request that after the Fairness Hearing scheduled for October 19, 2021, the Court enter an Order:

1. Granting final approval of the Parties' settlement of the collective action claims brought pursuant to the Fair Labor Standards Act ("FLSA") and class action claims under Ohio law brought pursuant to Fed. R. Civ. P. 23, as reflected in the Class Action Settlement Agreement and Release (Dkt. No. 35-2);

2. Granting final approval of a payment to Class Counsel of $100,000 in attorney's fees (representing one-third of the Global Settlement Fund) and $5,705.30 in litigation expenses;

3. Granting final approval of a Service Award to Representative Plaintiff in the amount of $5,750; and

4. Dismissing this case with prejudice.

A proposed Order and Judgment Entry is attached as Exhibit 1. The reasons for this Motion are as follows:

## I.  PROCEDURAL HISTORY

On November 8, 2019, Representative Plaintiff filed this Action, alleging that Defendant violated the FLSA and Ohio Minimum Fair Wage Standards Act by failing to pay Plaintiff and other similarly situated employees all of their overtime pay. Specifically, Plaintiff alleged that Class Members were not compensated for time spent donning and doffing sanitary clothing before and after their scheduled shift, causing them not to be paid all of the overtime compensation to which they were entitled. Defendant denied Plaintiff's material allegations, and denied that it violated the law.

The Parties exchanged documents and information, and engaged in informal discussions of whether settlement of this case would be feasible. In furtherance of those discussions, Defendant's Counsel agreed to provide Class Counsel with time records and payroll data for a random sample of the Class so that each side could evaluate their respective positions and formulate settlement proposals based on the data. Class Counsel engaged a consultant (a Ph.D-level economist) to evaluate the records and create a mathematical damages model for the class. After exchanging several settlement proposals, the Parties were able to agree on terms of settlement, which are set forth in detail in the Class Action Settlement Agreement and Release, (Dkt. No. 35-2).

On June 24, 2021, this Court granted preliminary approval of the settlement, conditionally certified a settlement class under Fed. R. Civ. P. 23, approved Representative Plaintiff as Class Representative and Jeffrey J. Moyle and Hans A. Nilges of Nilges Draher LLC as class counsel, and set a fairness hearing for October 19, 2021. (Dkt. No. 36). The Court also approved the notice

of settlement to the class and directed the Parties to send notice to Class Member informing them of the pendency of this action, the proposed settlement, and the date of a Fairness Hearing. (*Id.*).

The Parties engaged Analytics as the Settlement Administrator. (*See* Declaration of Jeff Mitchell (hereinafter "Mitchell Dec.") attached as Exhibit 2, at ¶ 5). Analytics was provided with a list that contained the names and last-known mailing addresses for 206 Class Members. (*Id.* at ¶ 6). On August 3 2021, Analytics mailed by first-class mail the Court-approved "Notice of Proposed Settlement of Class Action and Fairness Hearing" to the Class Members. (*Id.* at ¶ 8). A total of 13 notices were returned as undeliverable. Analytics was able to trace and re-mail notices to 10 of those class members. (*Id.* at ¶ 10).

The Notice gave Class Members until October 2, 2021 to request exclusion from the class or object to the settlement. (*Id.* at ¶ 11). One Class Member opted-out of the settlement, and no Class Members objected to the settlement. (*Id.* at ¶ 11-12). Having completed the notice process, the Parties now move this Court for final approval of the settlement.

## II. LAW AND ANALYSIS

### A. The Standard For Approval Of A Class Action Settlement.

"Before approving a binding settlement, the Court must conclude that it is 'fair, reasonable, and adequate.'" *Kis v. Covelli Enters.*, No. 4:18-cv-54, 2020 U.S. Dist. LEXIS 93929, at *7 (N.D. Ohio May 29, 2020) (citing Fed.R.Civ.P. 23(e)(2)); *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). Under Fed.R.Civ.P. 23(e)(2), when making this determination Courts must consider whether:

    (A)    the class representatives and class counsel have adequately represented the class;

    (B)    the proposal was negotiated at arm's length;

    (C)    the relief provided for the class is adequate, taking into account:

        (i)    the costs, risks, and delay of trial and appeal;

      (ii)      the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims;

      (iii)     the terms of any proposed award of attorney's fees, including timing of payment; and

      (iv)     any agreement required to be identified under Rule 23(e)(3); and

(D)    the proposal treats class members equitably relative to each other.

Additionally, when determining whether a class action settlement is fair, reasonable, and adequate, Courts consider: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Kis*, 2020 U.S. Dist. LEXIS 93929 at *8. Courts consider these same factors when considering approval of a settlement of an FLSA collective action. *See, e.g., White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 U.S. Dist. LEXIS 174414, at *3 (N.D. Ohio Oct. 10, 2018)

    **B.**    **The Standard For Final Approval of a Class and Collective Action Has Been Met.**

In the Parties' Joint Motion for Preliminary Approval of FLSA and Rule 23 Class Action Settlement, the Parties analyzed each of the seven factors used in the Sixth Circuit to determine whether a class action settlement is fair, reasonable, and adequate. (*See*, Dkt. No. 35-1 at pp. 4-6). The arguments set forth in the Motion for Preliminary Approval also demonstrate why settlement should be approved under the factors set forth in Fed.R.Civ.P. 23(e)(2).

First, Representative Plaintiff and class counsel have adequately represented the Collective and the Class, and the settlement was negotiated at arm's length. The settlement was reached after the exchange of information, documents, and electronically stored information that allowed the parties to evaluate the strengths and weaknesses of their positions. Through their settlement

4

discussions, the Parties also had the opportunity to debate the factual and legal issues in this case. The Parties ultimately reached an agreement to resolve this matter on terms that, in Class Counsel's opinion, represents a substantial recovery by the Collective and the Class without the inherent risk of loss should this case continue through litigation, trial, and appeal. Moreover, the settlement was reached after each Party had the opportunity to evaluate Defendant's time and payroll data to determine the potential damages at issue if this case were to continue and if Plaintiff were to prevail on the merits.

Second, the relief provided by the settlement is adequate. As set forth in the Motion in Support of Preliminary Approval, if this case did not settle, the Parties would engage in complex and lengthy litigation that could result in no recovery at all by the Collective and the Class. Furthermore, even if the Collective and the Class were to prevail on the merits, the amount of recovery is uncertain and something upon which the Parties continue to disagree. In contrast, the settlement provides substantial relief on a class-wide basis, without any risk of loss. Indeed, the settlement in this case exceeds the "expected value" calculation performed by Class Counsel, which Class Counsel uses as a guidepost to determine whether a proposed settlement would be a fair and adequate settlement of a class action. (*See* Declaration of Jeffrey J. Moyle, Dkt. No. 35-4, at ¶¶ 23-27)

Moreover, the results of the notice process weigh strongly in favor of approval. The fact that no Class Members objected to the settlement and only one Class Member opted out of the settlement shows that the affected individuals support the settlement and want it to be approved.

Finally, the settlement treats Class Members equitably relative to each other. Under the terms of the settlement, individual payments to Class Members will be calculated proportionally based on the number of workweeks each Class Member worked during the period of January 1,

5

2018 through February 28, 2021. As such, each Class Member will be compensated for alleged unpaid wages in an amount that is proportional to the amount of time he or she was employed by Defendant within the period of time covered by the settlement.

In sum, the settlement confers substantial benefits on Class Members, eliminates any risk of loss should this case continue to be litigated, was negotiated on an arm's length basis, and is in the best interest of the Class. Accordingly, for the reasons addressed herein and in the Joint Motion for Preliminary Approval of FLSA and Rule 23 Class Action Settlement, the Parties respectfully request that the Court approve this settlement and enter the proposed Final Order and Judgment Entry attached as Exhibit 1.

    **C.    The Court Should Approve The Payment of Attorneys' Fees and Costs to Class Counsel.**

For the reasons set forth in the Joint Motion for Preliminary Approval of FLSA and Rule 23 Class Action Settlement, the Court should also grant final approval of the award of attorneys' fees to Class Counsel in the amount of $100,000, representing one-third of the settlement fund. As noted in the Joint Motion for Preliminary Approval, "[i]n FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund." *Carr v. Bob Evans Farms*, No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *10-11 (N.D. Ohio July 27, 2018); *see also Osman v. Grube, Inc.*, No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *6 (N.D. Ohio May 4, 2018) ("Courts readily approve the percentage-of-the-fund method when a plaintiff obtains an exceptional result and avoids extended litigation time and costs").

This conclusion was recently reiterated in *Harsh v. Kalida Mfg.*, No. 3:18-cv-2239, 2021 U.S. Dist. LEXIS 175869, at *20 (N.D. Ohio Sep. 13, 2021). In *Harsh*, the Court held that while a Court can utilize either the percentage-of-the-fund or the Lodestar approach to determine whether an award of attorneys' fees is reasonable, the percentage-of-the-fund approach is more appropriate

in class and collective actions, as it "rewards counsel for success and penalizes it for failure." *Id.* at \*19-20. The Court further noted that the Lodestar method was more appropriate in wage and hour cases that "involve relatively small claims and therefore small amounts of damages in question," because "counsel for employees will inevitably be required to expend substantial resources and time, sometimes accruing fees several times greater than the value of damages in the case." *Id.* at \*20. In contrast, in cases involving a common settlement fund the Court found that it "sees no compelling reason, let alone any reason, to deviate from" a request for one-third of the fund. *Id.*

Accordingly, Class Counsel respectfully requests that the Court find that attorneys' fees in the amount of one-third of the settlement fund is reasonable in this case. Class Counsel also requests that the Court approve reimbursement of $5,705.30 in litigation expenses, as these were incurred in the prosecution of claims and in obtaining settlement. *See, e.g., Harsh*, 2021 U.S. Dist. LEXIS 175869 at \*23 ("Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement").

**D.     The Court Should Approve A Service Award For Representative Plaintiff**

Finally, the Parties request that the Court approve a payment of $5,750 to Representative Plaintiff. Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at \*17 (N.D. Ohio Mar. 8, 2010). Plaintiff contributed significant time, effort, and detailed factual information enabling Plaintiff's counsel to evaluate the strength of this case, and reach a settlement of this matter that,

7

in Counsel's opinion, fairly and adequately compensates the class for alleged unpaid wages. As such, the time and efforts Plaintiff provided supports the requested service payments.

### III. CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court enter the Proposed Order, attached as Exhibit 1:

1. Granting final approval of the Parties' settlement of the collective and class action claims;

2. Granting final approval of a payment to Class Counsel of $100,000 in attorney's fees and $5,705.30 in litigation expenses;

3. Granting final approval of a Service Award to Representative Plaintiff in the amount of $5,750; and

4. Dismissing this case with prejudice.

Respectfully Submitted,

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
NILGES DRAHER LLC
1360 E. 9th Street, Suite 808
Cleveland, OH 44114
(330) 470-4428 – Telephone
(330) 754-1430 – Facsimile
jmoyle@ohlaborlaw.com

Hans A. Nilges (0076017)
NILGES DRAHER LLC
7266 Portage St., N.W., Suite D
Massillon, Ohio 44646
(330) 470-4428 – Telephone
(330) 754-1430 – Facsimile
hans@ohlaborlaw.com

*Counsel for Plaintiff*

*/s/ Michele L. Jakubs (with permission)*
Michele L. Jakubs (0071037)
ZASHIN & RICH, CO., L.P.A.
950 Main Ave., 4th Floor
Cleveland, OH 44113
T: 216/696-4441
F: 216/696-1618
mlj@zrlaw.com

*Counsel for Defendant*