# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RACHEL JOHNSON, on behalf of herself and all other similarly situated persons, | ) ) ) ) | CASE NO. 5:19-cv-2622 |
| PLAINTIFFS, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | MEMORANDUM OPINION AND ORDER |
| CENTOR, INC., | ) ) ) | |
| DEFENDANT. | ) | |

On June 24, 2021, the Court entered an order granting the parties' joint motion for preliminary approval of the parties' FLSA and Rule 23 class action settlement and notice. (Doc. No. 36 (Order); *see* Doc. No. 35 (Joint Motion for Preliminary Approval).) Appended to the parties' joint motion was their FLSA and Rule 23 class action settlement agreement. (Doc. No. 35-2 (Settlement).) Now before the Court is the parties' "Joint Motion for Final Approval of FLSA and Class Action Settlement." (Doc. No. 37.) On October 19, 2021, the Court held a fairness hearing in connection with the pending motion. No members of the FLSA collective/Rule 23 class filed objections to the Settlement, attended the fairness hearing, or asked to be heard regarding the Settlement. (Minutes of Proceedings, 10/19/2021.) Because the Court finds that the Settlement represents a fair resolution of the claims asserted in the complaint, the Joint Motion for Final Approval is granted and the Settlement is approved.

I. **BACKGROUND**

Plaintiff Rachel Johnson ("Johnson"), on behalf of herself and similarly situated employees (collectively "Class Members"), filed this collective action against defendant Centor, Inc. ("defendant") under the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201 *et seq.*) and as a Rule 23 class action under the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Laws") (Ohio Rev. Code § 4111 *et seq.*). (Doc. No. 1 (Class and Collective Complaint).) Defendant, a Delaware corporation, "is a manufacturer of prescription containers for medication dispensers." (*Id.* ¶¶ 9, 15.) Class Members alleges that defendant has violated the FLSA and Ohio Wage Laws by failing to compensate employees for donning and doffing sanitary and protective equipment. Defendant denies that it violated the FLSA and Ohio Wage Laws. (Doc. No. 37 at 2.)

After the case was filed, the parties discussed the possibility of early resolution and engaged in informal discovery regarding the alleged claims and asserted defenses. Defendant's counsel provided counsel for Class Members ("Class Counsel") with time records and payroll data, and Class Counsel engaged an economic consultant to evaluate the records and create a mathematical damages model for potential payments to Class Members. The parties reached an agreement to settle this action, and on April 26, 2021 filed the joint motion for preliminary approval of the Settlement. (*See also* Doc. No. 31 (Joint Settlement Notice).)

On June 24, 2021, the Court granted preliminary approval of the Settlement, conditionally certified a settlement class under Fed. R. Civ. P. 23, approved Johnson as the class representative, and Jeffrey J. Moyle and Hans A. Nilges Draher LLC as Class Counsel, and set a fairness hearing for October 19, 2021. The Court also approved the notice of the Settlement to Class Members and directed the parties to send notice to Class Members informing them of the

pendency of the action, the proposed settlement, and the date of the fairness hearing. (Doc. No. 36.) Class Counsel has filed with the Court a declaration verifying that the Class Notice was distributed to Class Members in the form and manner approved by the Court. (Doc. No. 35-4 (Declaration of Jeffrey J. Moyle).) The Court conducted the fairness hearing on October 19, 2021. As previously noted, no individual Class Members appeared or otherwise objected to the Settlement.

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov.*, No. 06-cv-299, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Food Stores, Inc.*, 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id.*

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09-cv-1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, & Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the divergent views of the facts and the law presented bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. The Joint Motion confirms the same. As set forth above, the parties disagree as to whether Class Members were properly compensated for any and all time spent donning and doffing. (Doc. No. 37 at 2.)

Having reviewed the terms of the Settlement, the Court finds that the Settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the Settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. Additionally, the Court finds that Class Members were given notice of the pendency of this action, the proposed settlement, and the date of the fairness hearing. The Court further finds that the notice was reasonable and the best notice practicable, and that it satisfied all of the requirements of Fed. R. Civ. P. 23 and due process.

The Settlement exceeds the expected value of the case and provides substantial relief to Class Members. The Court agrees with the parties that the anticipated awards to the individual Class Members represent an excellent result. Moreover, the Court has considered the opinion of Class Counsel, who has expressed the opinion that the Settlement is a fair and adequate compromise of the disputed claims and in the best interest of Class Members. (Doc. No. 35-4 ¶¶ 16–19.) The Court, therefore, approves the method of calculation and proposed distribution of settlement payments. The total award, after deduction of the service award to Johnson and attorney's fees and litigation expenses to Class Counsel, is to be distributed to Johnson and Class Members on a *pro rata* basis according to the number of workweeks each member of the class worked during the relevant time period.

As for the award of attorney's fees to Class Counsel, the Court finds that the award, which is supported by a declaration of counsel, is reasonable, taking into consideration the fact that a settlement was reached early in the litigation and the successful outcome provides substantial relief to plaintiffs. (*See id.* ¶ 29.) Moreover, the Court notes that the attorney's fee

5

award amount aligns with the amounts awarded in other FLSA collective action cases in the Northern District of Ohio. *See White v. Premier Pallet & Recycling, Inc.,* No. 5:18-cv-1460, 2018 WL 4913678, at *3 (N.D. Ohio Oct. 10, 2018) (collecting cases). The Court, therefore, approves the payment of attorney's fees and litigation expenses to Class Counsel in the manner, and upon the terms and conditions, set forth in the Settlement.

In addition, the Settlement provides for a service award to the class representative, Johnson. Such awards are not uncommon, and "courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillsworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010) (quoting *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 145 (E.D. Pa. 2000)). Johnson played an active role in assisting Class Counsel. (Doc. No. 35-4 ¶ 28.) As such, the Court approves the modest service award set forth in the Settlement to Johnson in recognition of her service in this action.

### IV. CONCLUSION

For all of the foregoing reasons, the Court approves the Settlement. The claims in plaintiffs' complaint are dismissed with prejudice. The parties are to bear their respective attorney's fees and costs except as provided in the Settlement. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement. This case is closed.

**IT IS SO ORDERED**.

Dated: November 4, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**